IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| CINCINNATI INSURANCE CO., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 1:07-CV-699 |
| v. | § | |
| | § | |
| RBP CHEMICAL TECHNOLOGY, INC.; | § | JUDGE RON CLARK |
| JACK LOFTIN; GLENDA LOFTIN; JERRY | § | |
| DOWDY; SHIRLEY DOWDY; LEO | § | |
| SANDOVAL; BEATRICE SANDOVAL; | § | |
| LARRY CAMERON; GERALD DIAZ; | § | |
| DEBORAH DIAZ; KAY MORRIS, | § | |
| individually and as personal representative of | § | |
| the estate of GLENN RICHARD MORRIS | § | |
| and as next Friend of MICHAEL MORRIS | § | |
| and MATTHEW MORRIS; SEARS, | § | |
| ROEBUCK & CO.; and VAN SON | § | |
| HOLLAND INK CORP. OF AMERICA, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Plaintiff Cincinnati Insurance seeks a declaratory judgment that it has no duty to defend

Defendant RBP Chemical in a negligence pollution case brought against RBP Chemical in state

court in Orange County, Texas, by the ten individual Defendants named in this action.  These ten

individual declaratory judgment Defendants brought the instant Motion to Dismiss [Doc. # 3]

and Amended Motion to Dismiss [Doc. # 4], arguing that the suit should be dismissed on several

grounds pursuant to Fed. R. Civ. P. 12(b).

After analyzing Defendants' arguments, the court concludes that it has subject matter

jurisdiction and personal jurisdiction over the non-resident Defendants; that venue is proper in

1

the Eastern District of Texas; that Plaintiff states a claim upon which relief can be granted; and

that there has been no failure to join a necessary party under Rule 19.  Accordingly, Defendants'

motion is denied.

## I. Background

Plaintiff issued a primary liability insurance and an umbrella insurance policy to RBP

Chemical in July 2000.  The policies were renewed in July 2003 and effective until July 2006.

On or about January 24, 2007, the individual Defendants in the instant action sued RBP

Chemical in the District Court of Orange County, Texas (*Loftin et al v. E.I. Du Pont de Nemours*

*and Co., Inc. et al*, Cause No. A070037-C), alleging claims of negligence, gross negligence

and/or strict products liability against RBP Chemical.[1]

Plaintiff filed this declaratory judgment and equitable recoupment action against

Defendants[2] on October 3, 2007, requesting a judgment that: (1) Plaintiff had no duty to defend

Defendant RBP Chemical in the state negligence action; (2) various insurance policies issued by

Plaintiff to RBP Chemical do not provide coverage or right of recovery for losses alleged in the

underlying state court action; and (3) that Plaintiff is entitled to recover from RBP Chemical the

amount of money Plaintiff may spend defending RBP Chemical in the state case.  Plaintiff's

position is that it has no duty to defend because some or all of the alleged bodily injury may have

occurred outside the policy period, the pollution exclusions in the policies bar coverage, and RBP

Chemical may not qualify as an insured.

---

[1]Sears is also a Defendant in the state action, and has asserted cross-claims against RBP
Chemical.

[2]Van Son Holland Ink Corp. of America was dismissed from this action on January 2,
2008. *See* Doc. # 16.

As discussed *infra*, Plaintiff included the remaining Defendants because under Wisconsin law, they are necessary parties by virtue of their involvement in the state negligence action.

## II. Applicable Law and Analysis

A. 12(b)(1) Motion to Dismiss For Lack of Subject Matter Jurisdiction

Defendants argue that the court lacks subject matter jurisdiction because Plaintiff's claims in this diversity case do not present a case or controversy under Texas law and there are no federal claims to support subject matter jurisdiction.

*1.  Standard of review*

Fed. R. Civ. P. 12(b)(1) authorizes the dismissal of a case for lack of subject matter jurisdiction when the district court lacks the statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998).  A motion to dismiss pursuant to Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6).  *Id.*

A district court may dismiss a case for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US W. Comm'n, Inc.,* 117 F.3d 900, 904 (5th Cir. 1997); *Clark v. Tarrant County,* 798 F.2d 736, 741 (5th Cir.1986). After Defendant challenges jurisdiction by filing a motion to dismiss under Rule 12(b)(1), Plaintiff has the burden of establishing the existence of subject matter jurisdiction.  *See Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.1980).  A motion to dismiss should be granted only when it appears

without a doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Home Builders Ass'n,* 143 F.3d at 1010.

    2. *Analysis*

        a. *Conflict between Texas and Wisconsin law*

 Where, as here, the declaratory judgment involves an insurer (Cincinnati Insurance) and state tort Plaintiffs (the ten individual Defendants who brought the instant motion), the state law which defines the substantive rights of the parties will "play a large role" in the determination of whether a case or controversy exists. *Standard Fire Ins. Co. v. Sassin*, 894 F. Supp. 1023, 1026 (N.D. Tex. 1995).

If Texas law controls, Defendants are not proper parties in this action because tort claim Plaintiffs do not have an independent interest in the insurance contract until judgment is entered against the insured in the underlying state action. *Sassin*, 894 F. Supp. at 1026-27.[3] State courts generally have held under similar facts that there is no case or controversy as to the insurer and the underlying state action claimants if there has not yet been a determination of the insured's liability to those claimants. *See, e.g., State & Cty. Mut. Fire Ins. Co. Through Southern United Gen. Agency v. Walker*, 228 S.W.3d 404, 411 (Tex. App. – Fort Worth 2007, no pet.); *Safeway Managing Gen. Agency for State & Cty. Mutual Fire Ins. v. Cooper*, 952 S.W.2d 861, 869 (Tex. App. – Amarillo 1997, no writ); *Providence Lloyds v. Blevins*, 741 S.W.2d 604, 606 (Tex. App. – Austin 1987, no writ); *Nat'l Savings Ins. Co. v. Gaskins*, 572 S.W.2d 573, 576 (Tex. App. – Fort Worth 1978, no writ).

---

[3]*Sassin* itself is distinguishable on the facts. There, the declaratory judgment Plaintiff had previously dismissed its claims against the insured declaratory judgment Defendants, leaving only the state tort claim Plaintiffs remaining as Defendants in the declaratory judgment suit.

4

Plaintiff argues that Wisconsin, rather than Texas, law applies to this lawsuit, and that under Wisconsin law, Defendants are necessary parties in this action. *See Fire Ins. Exch. v. Basten*, 549 N.W.2d 690, 698 (Wis. 1996)("those parties in the underlying action, who have made a claim against the insured, and whose actual recovery on a judgment may be affected by a separate coverage determination, are 'interested persons' under the [Wisconsin declaratory judgment] statute and are required to be made parties to the declaratory judgment action, even though their right to recover from the insured is not at issue.").

### b.  Choice of law analysis

"In determining which state's substantive law controls, the court applies the choice-of-law rules of the forum state." *Vanderbrook v. Unitrin Preferred Ins. Co. (In re Katrina Canal Breaches Litig.)*, 495 F.3d 191, 206 (5th Cir. 2007).  Under Texas law, where a contract does not include an express choice of law provision, the court should determine whether there is a relevant statute that directs the court to apply the laws of a particular state. Without such a statutory directive, a court should then determine which state has the most significant relationship to the issue that has been presented for determination. *Maxus Exploration Co. v. Moran Bros., Inc.*, 817 S.W.2d 50, 52 (Tex. 1991); *see also Reddy Ice Corp. v. Travelers Lloyds Ins. Co.*, 145 S.W.3d 337, 340 (Tex. App. – Houston 2004, pet. denied).

Neither side suggests that the contract contained an express choice of law provision. Plaintiff argues that Tex. Ins. Code § 21.42 should not apply, as the insurance proceeds are not payable to a Texas citizen and the policy was not issued by a Texas insurer in the regular course of the insurer's business in Texas. *See Reddy Ice*, 145 S.W.3d at 341.  As Plaintiff's Complaint states that the insured, RBP Chemical, is a Wisconsin corporation with its principal place of

business in that state and that the insurer, Plaintiff Cincinnati Insurance, is an Ohio corporation

with its principal place of business in that state, the court agrees.  *See id.* at 344 ("the

unambiguous language of article 21.42 restricts a corporation's inhabitancy to its place of

incorporation.").

As there is no statute which governs, the court must determine which state has the most

significant relationship to the dispute.  The Restatement (Second) Conflicts of Law provides

seven factors to consider:

> (1) the needs of the interstate and international systems; (2) the relevant policies of the
> forum; (3) the relevant policies of other interested states and the relative interests of those
> states in the determination of the particular issue; (4) the protection of justified
> expectations; (5) the basic policies underlying the particular field of law; (6) certainty,
> predictability, and uniformity of result; and (7) ease in the determination and application
> of the law to be applied.

*Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 420-21 (Tex. 1984)(citing with approval the

factors in the Restatement (Second) of Conflict of Laws § 6); *see also Reddy Inc*, 145 S.W.3d at

344.  With respect to contract disputes, relevant factors include the place where the contract was

made; the place where the negotiations were undertaken; the location of performance; the

location of the contract's subject matter; and the parties' domicile, residence, place of

incorporation, and place of business.  *Minnesota Mining & Mfg. Co. v. Nishika Ltd.*, 953 S.W.2d

733, 735-36 (Tex. 1997)(citing with approval the factors in the Restatement (Second) of Conflict

of Laws § 188(2)).  Courts applying Texas law in order to determine whether a party has a duty

to indemnify or defend have found that "when the issues of a case require the construction and

application of insurance policies, . . . the relevant inquiry is what contacts the state has with the

6

insurance dispute, and not with the underlying lawsuit." *St. Paul Mercury Ins. Co. v. Lexington Ins. Co.*, 78 F.3d 202, 205 (5th Cir. 1996).

Texas has little, if any, connection with the underlying insurance dispute.  The insurance contract was negotiated between two out-of-state corporations: an Ohio insurer (Cincinnati Insurance) and a Wisconsin insured (RBP Chemical).  There has been no suggestion by any party that the contract arose out of business dealings either party has in Texas, or that the contract was negotiated or performed in Texas.  The only connection to Texas involves the underlying tort action, in which seven of the ten individual declaratory judgment Defendants, who are also Plaintiffs in the state tort action, are Texas citizens.  On these facts, the court finds that Wisconsin has a more significant relationship to the insurance dispute than Texas does, therefore necessitating the application of Wisconsin law.  As Plaintiff noted, Wisconsin case law indicates that Defendants should be parties to a declaratory judgment action of this nature.  Therefore, the court will deny Defendants' motion to dismiss for lack of subject matter jurisdiction.

B. Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction

Defendants Larry Cameron, Gerald Diaz, and Deborah Diaz argue that the court lacks personal jurisdiction over them because they do not have sufficient minimum contacts with Texas.  Mr. Cameron is an Oregon citizen, while Mr. and Ms. Diaz are Utah citizens.

*1. Standard of review*

A federal court sitting in diversity may exercise personal jurisdiction over a nonresident Defendant if two requirements are met: (1) the long-arm statute of the forum state confers personal jurisdiction over the defendant; and (2) the exercise of such jurisdiction by the forum state is consistent with due process under the Fourteenth Amendment of the United States

Constitution.  *See Electrosource, Inc. v. Horizon Battery Technologies, Ltd.*, 176 F.3d 867, 871

(5th Cir. 1999). Because the Texas long arm statute has been interpreted to extend to the limits of

due process, the only question is whether Defendant's contacts with Texas are sufficient to

satisfy due process.  *See Cent. Freight Lines, Inc. v. APA Transp. Corp.*, 322 F.3d 326 (5th Cir.

2003).

The Supreme Court has interpreted due process as requiring that the Defendant has

purposefully established "minimum contacts" with the forum state.  *See Asahi Metal Indus. Co.

v. Superior Court*, 480 U.S. 102, 112-13, 107 S.Ct. 1026, 1032 (1987).  "Minimum contacts can

be established either through contacts sufficient to assert specific jurisdiction, or contacts

sufficient to assert general jurisdiction."  *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208,

215 (5th Cir. 2000).  General jurisdiction may be found when the claim is unrelated to the

nonresident's contacts with the forum but where those contacts are "continuous and systematic."

*Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415-416, 104 S.Ct. 1868,

1872-73 (1984).  Specific jurisdiction exists if the cause of action is related to, or arises out of,

Defendant's contacts with the forum, and those contacts meet the due process standard. *Ruston

Gas Turbines, Inc. v. Donaldson Co., Inc.,* 9 F.3d 415, 418-419 (5th Cir. 1993).

If the court finds that the requisite minimum contacts exist, due process further requires

that the court decide whether the exercise of jurisdiction offends traditional notions of fair play

and substantial justice.  *See Asahi Metal Indus. Co.,* 480 U.S. at 113, 107 S.Ct. at 1033.  To make

this determination, the court is to balance: (1) the burden upon the non-resident Defendant, (2)

the interests of the forum state, (3) Plaintiff's interest in securing relief, (4) the interstate judicial

system's interest in obtaining the most efficient resolution of controversies, and (5) the shared

8

interests of the several States in furthering fundamental substantive social polices.  *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 385 (5th Cir. 2003).  To determine if due process is met, the issue is whether Plaintiff can show that Defendant has minimum contacts with Texas, and, if there are sufficient contacts, whether the exercise of jurisdiction is fair and reasonable.

      *2.  Analysis*

      The fact that Mr. Cameron, Mr. Diaz, and Ms. Diaz voluntarily filed a lawsuit against RBP Chemical in the District Court of Orange County, Texas demonstrates purposeful availment of the state's facilities.

      Purposeful availment of a state's facilities, such as use of the state's courts, is sufficient to subject a party to personal jurisdiction in a later suit related to the same overall transaction.  *See In re Estate of Davis*, 216 S.W.3d 537, 546 (Tex. App. – Texarkana 2007, pet, denied); *Zamarron v. Shinko Wire Co. Ltd.*, 125 S.W.3d 132, 143 (Tex. App. – Houston 2003, pet. denied).  The subject matter of the underlying case (whether RBP Chemical is liable to these Defendants on their negligence and strict products liability claims) is directly related to the subject matter of the instant declaratory action (whether Cincinnati Insurance has a duty to defend RBP Chemical on the state court negligence and strict products liability claims). Exercising personal jurisdiction over these non-resident Defendants does not violate due process.

C. Rule 12(b)(3) Motion to Dismiss for Improper Venue

      Defendants argue that venue is improper in the Eastern District of Texas because none of the events giving rise to the claim occurred in this district.

_____*1.  Standard of review*

Fed. R. Civ. P. 12(b)(3) states that a party may move the court to dismiss the action for "improper venue."  Once Defendant has raised the improper venue issue by motion, the burden of sustaining venue will be on Plaintiff.  *McCaskey v. Continental Airlines, Inc*., 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001). Plaintiff may carry this burden by establishing facts that, if taken to be true, establish proper venue.  *Id.*  The court will accept those undisputed facts in Plaintiff's pleadings to be true, and resolve any conflicts in favor of Plaintiff.  *Id.*

*2.  Analysis*

Defendants' motion to dismiss for improper venue also fails.  Defendants somewhat disingenuously suggest that venue is improper in this district because none of the events underlying the claims took place here.  However, Defendants fail to mention that the only reason Plaintiff brought this declaratory judgment action was to determine whether it has a duty to defend RBP Chemical against the claims asserted by Defendants in their state action filed in Orange County, Texas. Orange County is located within the boundaries of the Eastern District.

D. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

_____Defendants argue that Plaintiff's complaint fails to state a claim upon which relief may be granted as to them.

_____*1.  Standard of review*

Fed. R. Civ. P. 12(b)(6) provides that a party may move a court to dismiss an action for "failure to state a claim upon which relief can be granted."  On motion under Fed. R. Civ. P. 12(b)(6), the court must decide whether the facts alleged, if true, would entitle Plaintiff to some legal remedy.  *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957).  Unless a Fed. R.

Civ. P. 12(b)(6) motion is converted to a summary judgment motion, the court may not consider material outside the complaint.  *See Powe v. Chicago,* 664 F.2d 639, 642 (7th Cir.1981).  The court must accept as true all well-pleaded facts and review them in the light most favorable to the plaintiff.  *Piotrowski v. City of Houston,* 51 F.3d 512, 514 (5th Cir.1995).  A pleading "need not specify in exact detail every possible theory of recovery--it must only 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  *Thrift v. Estate of Hubbard,* 44 F.3d 348, 356 (5th Cir.1995)(quoting *Conley,* 355 U.S. at 47, 78 S. Ct. at 103). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45-46, 78 S. Ct. at 102.

    *2.  Analysis*

     As previously discussed, because Wisconsin law governs this declaratory judgment action, Defendants are considered necessary parties under controlling Wisconsin law.  *See Fire Ins. Exch. v. Basten*, 549 N.W.2d 690, 698 (Wis. 1996)("When an insurer, not named in the underlying lawsuit, seeks a judicial declaration of its rights and obligations under a contract of insurance in accord with [the Wisconsin declaratory judgment statute], the plaintiff and any other party who has brought a claim against the insured in the underlying lawsuit, is an 'interested person' for purposes of [the Wisconsin declaratory judgment statute] and required to be made a party to the separate declaratory judgment proceeding.").

    Declaratory judgment actions brought by an insurer against an insured to determine whether the insurer has a duty to defend present an actual case or controversy.  *Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998).  Therefore, because Defendants are considered

to be necessary parties in such an action under Wisconsin law, their argument to dismiss under Rule 12(b)(6) for failure to state a claim must fail.

E. Rule 12(b)(7) Motion to Dismiss for Failure to Join a Party

Defendants' final argument is that Plaintiff's failure to join Sherwin Williams ("SW") necessitates dismissal under Rule 12(b)(7) because SW is an indispensable party under Wisconsin law.

*1. Standard of review*

Under Fed. R. Civ. P. 12(b)(7), a party may move for a dismissal on the grounds that there has been a failure to join a party as required by Rule 19.  A person is a necessary party if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a).  If a person is necessary but cannot be joined without depriving the court of subject matter jurisdiction, the court will determine whether "in equity and good conscience" the action may proceed, or if it should be dismissed because the absent party is indispensable.  Rule 19(b); *see also Provident Tradesman Bank & Trust Co. v. Patterson*, 390 U.S. 102, 109, 88 S. Ct. 733, 737-38 (1968)(discussing the four interests that should be examined to determine whether the court can proceed in the party's absence).

*2. Analysis*

SW is a Defendant in the underlying state action who, Defendants argue, has filed a cross-claim for contribution and/or indemnification against all other state action Defendants, thus making SW a necessary or indispensable party.

Plaintiff correctly argues that SW has not filed a cross-claim in the state action.  SW filed a fifteen-page document in that action entitled "Motion to Transfer Venue and Original Answer Subject Thereto."  Pl. Am. Mot. To Dismiss, Ex. A [Doc. # 4].  At no time did SW refer to itself as anything other than "Defendant," nor did it ever mention the term "cross-claim."  The only possible place in SW's answer which could be the cross-claim Defendants refer to is located in ¶ XXXII:

> In the event that it is judicially determined that Plaintiffs were injured or damaged as alleged in the Original Petition, all of which is specifically denied, then the acts or omissions of this Defendant, when compared to the acts or omissions of the other parties entitles this Defendant to contribution and/or indemnity in accordance with its proportional share of fault to be determined in this action.

Tex. R. Civ. P. 47 requires that cross-claims contain (1) a short statement of the cause of action which is sufficient to provide fair notice of the claims involved; (2) in unliquidated damages cases, the statement that the damages sought are within the court's jurisdictional limits; and (3) a demand for judgment.

To support their argument, Defendants suggest that the court compare SW's "cross-claim" with what was pled by Sears, another Defendant in the state court action.  Such a comparison is instructive, although not for the reasons Defendants argue.  Unlike SW's Answer, the title of the document Sears filed was entitled in part "Answer to Plaintiffs' Original Petition,

Cross-Claims, and Answer to All Cross-Claims."  Def. Reply, Ex. A [Doc. # 12].   Sears refers to
itself as the "Cross-Plaintiffs [sic]," and specifically states that:

> In the unlikely event it is determined that Sears is liable to Plaintiffs, which is not
> admitted and is expressly denied, the Cross-Plaintiffs [sic] are entitled to indemnity, or in
> the alternative, contribution from Cross-Defendants...jointly and severally, under all
> applicable laws, including but not limited to the doctrine set forth in the case of Duncan
> v. Cessna Aircraft Co., 665 SaW.2d [sic] 414 (Tex. 1984), and under the provisions of
> Chapter 33 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

Id. at ¶ 45.  This statement is found under the heading "Cross-Claim."  Id. at p. 9.

    In sharp contrast to SW, Sears has pled a cross-claim, containing a short statement
showing its entitlement to relief and the relief sought from the other Defendants. This statement,
coming under the heading of "Cross-Claim" and specifically stating that it is intended to be a
cross-claim, fairly puts the other Defendants on notice that Sears is asserting a cross-claim
against them.  SW, on the other hand, does not use the word "cross-claim" anywhere in its
Answer.  It is hardly surprising that Plaintiff did not include SW in this action; based on SW's
Answer, especially when compared to Sears', Plaintiff would have no reason to suspect that SW
was asserting anything other than its affirmative defenses under comparative negligence
principles.[4]  Without a cross-claim, SW is not a necessary or indispensable party to this action.

---

[4]The court notes that Texas has abolished the doctrine of common-law indemnity in
negligence actions by adopting the statutory scheme of comparative negligence.  B&B Auto
Supply, Sand Pit, & Trucking Co. v. Cent. Freight Lines, Inc., 603 S.W.2d 814, 817 (Tex. 1980);
see also Fed. Petroleum Co. v. Gas Equip. Co., 105 S.W.3d 281, 285 (Tex. App. – Corpus
Christi 2003, no pet.).  There are several exceptions to this rule, namely in the situations  where
there is a contractual basis for indemnity or where one party's liability is "purely vicarious."
B&B Auto Supply, at 817.  Common-law indemnity also survives in the products liability context
in order to protect an innocent retailer in the chain of distribution.  Aviation Office of Am. v.
Alexander & Alexander, Inc., 751 S.W.2d 179, 180 (Tex. 1988).  Here, there is no suggestion of
any contractual indemnity or purely vicarious liability in any of the parties' briefing papers.  SW
denies any liability based on products that it "manufactured or sold" in its Answer, indicating that
SW makes its own products and is not merely an innocent retailer.  Pl. Am. Mot. To Dismiss, Ex.

### III. Conclusion

Because the court concludes that it has subject matter jurisdiction and personal jurisdiction over the non-resident Defendants, that venue is proper in the Eastern District of Texas, that Plaintiff states a claim upon which relief can be granted, and that there has been no failure to join a necessary party under Rule 19, Defendants' motion to dismiss is denied.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss [Doc. # 3] and Amended Motion to Dismiss [Doc. # 4] are DENIED.

So **ORDERED** and **SIGNED** this **6**   day of **March, 2008.**


_____
Ron Clark, United States District Judge

---

A at ¶ XXVII [Doc. # 4].  Therefore, SW's statement in Paragraph XXXII of its Answer that it is entitled to indemnity cannot be a cross-claim, because common-law indemnity claims in negligence or products liability actions that do not fall into one of the above enumerated exceptions do not exist in Texas.